PEERLESS CASUALTY COMPANY, Appellant, *v.* SAWITZ & SIMON, INC., Respondent.

First Department, November 1, 1940.

*Sidney Moskowitz* of counsel [*Joseph Maslon*, attorney], for the appellant.

No appearance for the respondent.

O'MALLEY, J.   Under the provisions of defendant's indemnity agreement sued upon, plaintiff was within its rights in discharging its obligation to the State Liquor Authority under the forfeited bond upon defendant's failure to comply with plaintiff's demand to "pay over in cash" the amount of plaintiff's obligation. (*MacArthur Brothers Co.* v. *Kerr*, 213 N. Y. 360.)

The defense, predicated upon the claim that the forfeiture was illegal and that proceedings to review had been instituted, is without merit.   If defendant's claim in this respect was deemed meritorious and made in good faith, it could and should have applied for a stay of the proceedings of the State Liquor Authority to forfeit the bond and revoke defendant's license.   (Civ. Prac. Act, § 1299.)   The forfeiture order is not claimed to have been void *ab initio*, but to be subject only to being vacated on review.   Until this took place, plaintiff under its bond was required to discharge its obligations and pay the forfeiture.   Defendant likewise under its indemnity agreement was required to discharge its obligations to the plaintiff.

So far as appears, the reasonableness of plaintiff's expenses sued for on the second cause of action is not disputed.   Plaintiff, therefore, is entitled to judgment on its first cause of action in the sum of $500 and on the second in the sum of $125.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.